# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**Waseem Rosen**,

      Plaintiff,

vs.                                                    Case No. 05-CV-757
                                             Judge Gregory L. Frost
**CBC Companies,** *et al.*,                          Magistrate Judge Abel

      Defendants.

## OPINION & ORDER

    This matter is before the Court pursuant to a Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendants CBC Companies ("CBC"), Thomas Lane ("Lane"), Randy Rabold ("Rabold"), Jonathan Price ("Price"), and Kelly Masters ("Masters").  Plaintiff Waseem Roshen ("Roshen")  filed memoranda in opposition (Docs. # # 13, 15), to which Defendants responded (Doc. # 17).  For the reasons that follow, the Court **GRANTS** the motion.  (Doc. # 7).

## BACKGROUND

    Roshen is an Ohio resident of Pakistani decent.  (Doc. # 1 ¶ ¶ 1, 12).  CBC hired Roshen as a computer programmer and analyst on April 13, 1999.  *Id.* at ¶ 13.  Roshen worked at CBC's Data Technology Center.  *Id.* at ¶ 3.  During Roshen's tenure at CBC, Lane served as a program manager for CBC and was Roshen's direct supervisor.  *Id.*  Rabold was CBC's Director of Applications Development and he supervised Lane.  *Id.* at ¶ 4.  Masters was CBC's Human Resources Director.  *Id.* at ¶ 6.   Price, Vice-President of CBC's technology center, was an owner of CBC.  *Id.* at ¶ 5.  For ease of reference, the Court shall refer to Defendants Lane, Rabold, Masters, and Price as the "Individual Defendants."

1

CBC terminated Roshen's employment on December 19, 2003. *Id.* at ¶ 14. Thereafter, Roshen filed a complaint with the United States Equal Opportunity Commission ("EEOC"), presumably alleging that CBC had violated 42 U.S.C. § § 2000(e) *et seq.* ("Title VII") by firing him because of his national origin. The EEOC issued a right to sue letter, and Roshen instituted this lawsuit on August 10, 2005.[1] *Id.* at 10, 11.

Roshen asserts two claims against the Defendants. Count I alleges that the Defendants violated Title VII as well as Ohio Revised Code Chapter 4112. *Id.* at ¶ ¶ 15-33. Count II asserts a claim for wrongful discharge in violation of Ohio Public Policy against all of the Defendants. *Id.* at ¶ ¶ 34-39. Roshen seeks declaratory, injunctive, and monetary relief. *Id.* at ¶¶ a-j.

The Individual Defendants move to dismiss Roshen's Title VII claim against them pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 7 at 3-4). All of the Defendants urge the Court to dismiss Roshen's wrongful discharge public policy claim under that same rule. *Id.* at 4-7. With briefing complete, the Court now turns to an examination of Defendants' motion.

## STANDARD OF REVIEW

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under that rule " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997). The focus is therefore not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the

---

[1] Roshen's Complaint states that the EEOC's right to sue letter is attached to his Complaint. (Doc. # 1 ¶ 11). It is not.

material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)).  In making such a determination, a court must "'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' " *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)).  A court need not, however, accept conclusions of law or unwarranted inferences of fact.  *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003).

### DISCUSSION

Defendants do not move to dismiss all of Roshen's claims.  Rather, the Individual Defendants move to dismiss Roshen's Title VII claim against them, and all of the Defendants move to dismiss Roshen's Ohio public policy wrongful discharge claim.  (Doc. # 7).

## I.    TITLE VII CLAIM AGAINST THE INDIVIDUAL DEFENDANTS

The Individual Defendants urge the Court to find that Roshen's Title VII claim against them fails to state a claim upon which relief can be granted.  In support of their argument, the Individual Defendants assert that the Sixth Circuit has decisively held that Title VII does not provide for individual liability.  (Doc. # 7 at 3).  Roshen, to his credit, concedes this point.  (Doc. # 13 at 1, 3).

Both  parties are correct.  The Sixth Circuit has held that there is no individual liability under Title VII.  *Wathen v. General Electric Co.*, 115 F.3d 400, 405-406 (6th Cir. 1997); *see also McCarroll v. DeSantis*, No. C2-04-cv-900, 2006 U.S. Dist. LEXIS 11023, at **13-14 (S.D. Ohio 2006); *Davy v. Union County Health Dep't*, No. C2-03-cv-1079, 2005 U.S. Dist. LEXIS

3

36430, at * 11 (S.D. Ohio 2005).   The Court therefore dismisses Roshen's Title VII claims against the Individual Defendants.

## II.    WRONGFUL DISCHARGE IN VIOLATION OF OHIO PUBLIC POLICY

Defendants next move to dismiss Roshen's Ohio public policy claim, arguing that because Ohio Revised Code Chapter 4112 provides adequate remedies, Roshen has failed to state a claim upon which relief can be granted.  (Doc. # 7 at 4-8).  In contrast, Roshen posits that case law mandates that his public policy claim proceed.   (Doc. # 1 ¶ ¶ 34-39; Docs. # # 13, 15).  The Court finds Defendants' contentions to be well-taken.  To understand why this is the case, a brief review of the analytical framework involved in addressing the availability of  public policy claims when statutory claims have also been asserted is necessary.

Although employment relationships in Ohio are generally governed by the common-law doctrine of employment at will, Ohio "public policy warrants an exception to the employment at will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute."  *Greeley v. Miami Valley Maint. Contractors, Inc*., 551 N.E.2d 981, 986 (Ohio 1990).

The elements of the tort are:

> 1. That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element);

> 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element);

> 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); and

> 4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

4

*Painter v. Graley*, 639 N.E.2d 51, 57 at n.8 (Ohio 1994) (citing H. Perritt, The Future of

Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev.

397, 398-399).  The Ohio Supreme Court held that the clarity and jeopardy elements are

questions of law, and that the causation and justification elements are questions of fact.  *Collins*

*v. Rizkana*, 652 N.E.2d 653, 657-58 (Ohio 1995).

The jeopardy element is the sole point of contention in the case *sub judice*.  (Doc. # 7 at

4-6; Doc. # 13 at 4-7; Doc. # 15 at 3-7; Doc. # 17 at 1-4).  The Ohio Supreme Court found that to

prove the second prong of the above inquiry a plaintiff must show that there is no other recourse

or remedy available:

> An analysis of the jeopardy element necessarily involves inquiring into the
> existence of *any* alternative means of promoting the particular public policy to be
> vindicated by a common-law wrongful discharge claim. . . . Where, as here, the
> sole source of the public policy opposing the discharge is a statute that provides
> the substantive right and remedies for its breach, 'the issue of adequacy of
> remedies' becomes a particularly important component of the jeopardy analysis
> . . . . Simply put, there is no need to recognize a common-law action for wrongful
> discharge if there already exists a statutory remedy that adequately protects
> society's interests.

*Id.* at 531 (Emphasis Added).

In *Carrasco v. Noamtc Inc*., 124 Fed. Appx. 297 (6th Cir. 2004) (unreported), the

plaintiff asserted a claim for unlawful retaliation under Title VII, a claim for retaliatory

discharge under Ohio Revised Code Chapter 4112, and a claim for wrongful discharge in

violation of Ohio public policy.  *Id.* at 298.  The district court granted defendant's motion for

summary judgment on the public policy claim and the Sixth Circuit affirmed that decision.  *Id.* at

304.  In so doing, the Sixth Circuit held "Because Carrasco has a remedy available to him under

both Title VII and the OCRA, we find that he cannot have that same claim under Ohio common

law." *Id.* at 304; *see also Buckley v. Dollar General Corp.*, No. C2-04-cv-483, 2005 U.S. Dist. LEXIS 25344, at

**33-35 (S.D. Ohio 2005) (holding same).  In other words, the Sixth Circuit found that the jeopardy element had not been met and there was thus no need for a public policy claim.

Roshen, like *Carrasco*, asserts claims under Title VII, Ohio Chapter 4112, and Ohio public policy.  (Doc. # 1).  *Carrasco* serves as persuasive authority for the proposition that because the remedies available under Title VII and Chapter 4112 are adequate, Roshen has failed to establish the jeopardy element necessary for his *Greeley* claim to proceed.   The Court shall follow *Carrasco's* lead, and Defendants' motion to dismiss Roshen's wrongful discharge in violation of Ohio public policy claim is **GRANTED**.  (Doc. # 7).

<u>**CONCLUSION**</u>

Defendants' motion to dismiss is **GRANTED**. (Doc. # 7).

**IT IS SO ORDERED**.

  /s/   Gregory L. Frost_____

**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**